IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES E. MERIWEATHER,
          Petitioner,

vs.                                                                 Case No. 5:10cv236/RS/EMT

PAIGE AUGUSTINE,
  Warden, F.C.I. Marianna,
          Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner initiated this case by filing a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241 (Doc. 1). He has now paid the filing fee (Doc. 4) and submitted an amended petition for writ of habeas corpus (Doc. 6).

      In his initial petition, Petitioner indicated that he was a prisoner who was housed at a physical address located in Nashville, Tennessee (Doc. 1 at 1); the return address shown on the envelope in which the petition was mailed to the court reflects a post office box address for the Davidson County Sheriff's Office in Nashville, Tennessee (*id.* at 7). Because much of the petition was illegible, Petitioner was directed to file an amended petition. The amended petition, dated November 10, 2010, likewise reflects that Petitioner is located in Davidson County, Tennessee, apparently awaiting retrial on state charges (Doc. 6 at 1).[1] Thus, from the time this case was initiated in September 2010 until the present time, Petitioner has been incarcerated in Tennessee.

      Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian,"

---

[1] According to Petitioner, should his current state legal proceedings be resolved in his favor, his federal sentence (which was imposed by a court in the Middle District of Tennessee, Nashville Division) will be affected to the extent he would be entitled to immediate release from the custody of the Bureau of Prisons (Doc. 6 at 2, 6).

that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[2] Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494–95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). Indeed, the Supreme Court has reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447 (emphasis added). Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition. United States v. Saldana, 273 Fed. App'x 845, 846 (11th Cir. 2008) (citation omitted). Jurisdiction attaches upon the initial filing of the § 2241 petition, and it is not destroyed by a petitioner's subsequent government-effectuated transfer and accompanying change in physical custodian. *See e.g.,* Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), *quoting* in Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

In this case, although Petitioner apparently was previously housed at FCI Marianna, which is located within the Northern District of Florida, at the time he filed his § 2241 petition in September 2010 he was being detained in Nashville, Tennessee, located in the Middle District of Tennessee, where he continues to be held. Therefore, because Petitioner was not in the Northern District of Florida when the instant § 2241 petition was filed, this court does not have jurisdiction over Petitioner. In the interest of justice, the undersigned recommends that this matter be transferred to the proper district court in Tennessee, in which jurisdiction properly lies. Saldana, 273 Fed. App'x at 847, citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–67, 82 S. Ct. 913, 915–16, 8 L. Ed.2d 39 (1962) (citing 28 U.S.C. § 1406(a)).

Accordingly, it is respectfully **RECOMMENDED** :

That this petition for writ of habeas corpus under 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Middle District of Tennessee, Nashville Division, and the clerk be directed to **CLOSE** this case.

---

[2] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations'" a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ." Padilla, 542 U.S. at 437.

Case No. 5:10cv236/RS/EMT

At Pensacola, Florida, this 22nd day of November 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**